**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Esaud Asprilla MORENO,**
**Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Ricaurte Martinez Murillo, a.k.a. Ricaurte Javier Martinez Murillo,**
**Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Jose Vicento Montano GRANJA, a.k.a. Jose Vicento Montano Granja,**
**Defendant–Appellant.**

**Nos. 13–11677, 13–11678, 13–11679**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 5, 2014.

Lisa A. Hirsch, Kathleen Mary Salyer, Dustin M. Davis, Wifredo A. Ferrer, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

James Esaud Asprilla Moreno, McRae, GA, pro se.

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

These consolidated appeals challenge appellants' post judgment motions to dismiss the indictment in this case. The indictment charged appellants with multiple offenses, including, in Count 1, violating 46 U.S.C. § 70506(b) by conspiring to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. § 70503(a)(1).[1] Appellants pled guilty to that count pursuant to a plea agreement containing an appeal waiver, and, on December 28, 2011, the District Court sentenced them to prison for a term of 46 months.

In February 2013, appellants severally moved the District Court, pursuant to Fed. R. Crim. P. 48(a) or, alternatively, 28 U.S.C. § 2241, to dismiss the indictment based on our decision in *United States v. Bellaizac-Hurtado,* 700 F.3d 1245 (11th Cir.2012), which, they asserted, held the MDLEA unconstitutional as applied to the facts of their case. The Government responded with a statement that the court lacked jurisdiction to consider the motions because appellants' cases were no longer pending. The court agreed and dismissed their motions. They now appeal *pro se,* asking this court to issue a writ of mandamus compelling the District Court to con-

---

1. Section 70503 *et seq.,* referred to as the Maritime Drug Law Enforcement Act (MDLEA), prohibits possessing with intent to distribute a controlled substance aboard a vessel subject to the jurisdiction of the United States. Appellants were arrested aboard a fishing vessel containing 57 bales of cocaine.

sider their motions to dismiss on the merits. We affirm.

A motion, filed under Fed. R. Crim. P. 12(b)(3), alleging a defect in the indictment generally must be filed prior to trial, although, while the case is pending, the court may consider a claim that the indictment fails to invoke the court's jurisdiction or allege an offense. *Id.* This case was no longer pending when appellants submitted their motions to dismiss to the District Court; hence, the court lacked jurisdiction to consider them.

The appropriate vehicle for appellants' attack on their convictions is 28 U.S.C. § 2255. Their briefs concede, however, that a § 2255 motion would be time-barred and do not identify any other jurisdictional basis upon which the District Court could have considered their motions.[2] The court's rulings are, accordingly,

AFFIRMED.

---

**2.** Appellants present arguments in their reply briefs, but failed to raise them in their initial briefs. We do not consider them.